UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAMION THOMAS,

                Plaintiff,

    v.

HENRI FISCHER,

                Defendant.

CASE NO. 2:24-cv-01056-JCC-DWC

ORDER DECLINING TO SERVICE COMPLAINT

Plaintiff Damion Thomas, proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve the complaint but provides Plaintiff leave to file an amended pleading by September 25, 2024, to cure the deficiencies identified herein.

**I.    Background**

Plaintiff is an inmate currently confined at Coyote Ridge Corrections Center. Dkt. 3 at 2. It appears Plaintiff has filed this action for events occurring at Monroe Correctional Complex as the sole defendant named in this action is Henri Fisher, who Plaintiff says is the Chaplain at that facility. *Id.* at 3.

ORDER DECLINING TO SERVICE COMPLAINT - 1

After obtaining a permit to order religious beads, Petitioner alleges he ordered beads from an authorized dealer. *Id.* at 4. On or around February 19, 2021, Defendant Fischer informed Plaintiff that his bead package exceeded the allowable weight. *Id.* at 4–5. Plaintiff maintains that the beads minus the packaging were within the three-pound weight limit. *Id.* Despite this, Plaintiff alleges Defendant Fischer gave Plaintiff "two options not authorized by the Department" for resolving the issue with the overweight package. *Id.* at 5. One of these options was to accept delivery of the bead package and incur a restriction on ordering beads. *Id.* at 13. Plaintiff states he "made disagreements" with the options presented and, after this, the Defendant sent Plaintiff his bead package. *Id.* at 5.

Plaintiff states that he attempted to order new beads in May 2021, but the order was delayed by the Defendant (presumably as a result of a bead-ordering restriction). *Id.* at 14. Plaintiff notes that an "investigation by the Department" found Defendant Fischer retaliated against him for filing a grievance. *Id.* at 5. However, Plaintiff does not explain when that grievance was filed, what it entailed, and what specific act was reviewed in the investigation.

As relief, Plaintiff seeks monetary damages. *Id.* at 9.

## II. Screening

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

ORDER DECLINING TO SERVICE COMPLAINT - 2

1  The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S.
2  97, 106 (1976). However, even *pro se* pleadings must raise the right to relief beyond the
3  speculative level and must provide "more than labels and conclusions, and a formulaic recitation
4  of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555
5  (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

6  **III.  Discussion**

7  In his Complaint, Plaintiff alleges a single claim of First Amendment retaliation against
8  Defendant Fischer in his individual capacity. *See* Dkt. 3 at 4–5. Plaintiff's claim is deficient and
9  must be cured before he may proceed in this action. The Court will address the pleading
10  deficiencies below.

11  To plead a claim under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a
12  violation of rights protected by the Constitution or created by federal statute, and (2) the
13  violation was proximately caused by a "person" acting under color of state law. *See Crumpton v.*
14  *Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Thus, the first step in pleading an individual
15  capacity § 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright*
16  *v. Oliver*, 510 U.S. 266, 271 (1994). On step two, a plaintiff must allege facts showing how the
17  individual defendants caused, or personally participated in causing, the harm alleged in the
18  complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

19  "It is well-established that, among the rights they retain, prisoners have a First
20  Amendment right to file prison grievances. Retaliation against prisoners for their exercise of this
21  right is itself a constitutional violation, and prohibited as a matter of clearly established law."
22  *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (internal quotations omitted). A "viable
23  claim of First Amendment retaliation" in the prison context must include: (1) An assertion that a
24

ORDER DECLINING TO SERVICE COMPLAINT - 3

1 state actor took some adverse action against an inmate (2) because of (3) that inmate's protected

2 conduct, and that such action (4) was capable of chilling the expression of a person of ordinary

3 firmness, and (5) the action did not reasonably advance a legitimate correctional goal. *Id.* at

4 1269–71 (citing *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005)).

5       Here, Plaintiff's allegations touch on each of the necessary elements for a retaliation

6 claim, but they are cursory and lack sufficient factual detail to state a viable claim. Plaintiff

7 alleges he "made disagreements" with options provided to him by the Defendant. Dkt. 3 at 5.

8 Assuming Plaintiff is referencing the submission of a formal or informal grievance, this

9 allegation may relate to the protected conduct element of his claim. Plaintiff next alleges the

10 Defendant restricted him from ordering beads for a six-month period and possibly delayed a bead

11 order made during that period. Dkt. 3 at 5, 14–15. These allegations may relate to the adverse

12 action element of his claim. But, to state a claim for retaliation, an adverse action must be taken

13 "because of" an inmate's protected conduct. *Rhodes*, at 567.

14       As it stands, the Complaint does not contain sufficient facts showing how Plaintiff's

15 disagreements motivated the Defendant to take any adverse action against him. Plaintiff also

16 does not specify whether it was the bead restriction, or something else, that he considers to be an

17 adverse action motivated by this potentially protected conduct. Because the Complaint states the

18 Defendant advised Plaintiff that, if Plaintiff chose to accept delivery of the bead package, he

19 would incur a restriction on ordering beads *before* Plaintiff communicated his disagreements, it

20 is unlikely Plaintiff will be able to demonstrate the Defendant's actions taken pursuant to that

21 restriction were "because of" those disagreements.

22       In sum, the Complaint is lacking in detail and fails to draw the necessary causal

23 connection between Plaintiff's potentially protected conduct and any adverse action allegedly

24

taken by the Defendant. To cure these deficiencies, Plaintiff should include approximate dates or date ranges on which key events took place.[1] He should more fully explain what his disagreements entailed, how they were communicated (*i.e.*, verbally, in writing, formally, and/or informally), to whom, and when. Plaintiff should also explain what—if anything—the Defendant knew about his disagreements and/or grievances along with how (and when) the Defendant may have obtained this information. Finally, Plaintiff should specify what adverse action he believes was taken against him, when that action was taken, and describe the effect that action had on him and/or how it may have affected someone in his position.

### IV.     Instructions

Due to the deficiencies described above, the Court will not serve Plaintiff's complaint. If Plaintiff intends to pursue this § 1983 civil rights action, he must file an amended complaint and within it, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the previous complaints by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as

---

[1] As § 1983 claims filed in the State of Washington are subject to a three-year limitations period, including key dates in his amended pleadings is critical to the viability of Plaintiff's claim. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981).

ORDER DECLINING TO SERVICE COMPLAINT - 5

a supplement. Plaintiff should not attach exhibits to the amended complaint and any exhibit will not be considered as part of the amended complaint.

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights. If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before September 25, 2024, the undersigned will recommend dismissal of this action.

The Clerk of Court is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is also directed to send copies of this Order and *Pro Se* Instruction Sheet to Plaintiff.

Dated this 26th day of August, 2024.

David W. Christel
United States Magistrate Judge