UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAMION THOMAS,<br><br>                  Plaintiff,<br>   v.<br><br>HENRI FISCHER,<br><br>                  Defendant. | CASE NO. 2:24-cv-01056-JCC-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: November 22, 2024 |

Plaintiff Damion Thomas, proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. On August 26, 2024, the Court screened Plaintiff's Complaint under 28 U.S.C. § 1915A and identified several deficiencies. Dkt. 4. The Court declined to serve the Complaint and granted Plaintiff leave to cure the identified deficiencies in amended pleadings. *Id.* After receiving an extension of time to prepare and file his amended pleadings, Dkt. 6, Plaintiff filed an Amended Complaint on October 24, 2024, Dkt. 7.

Upon review of the Amended Complaint, the Court recommends this action be dismissed for failure to state a cognizable claim.

REPORT AND RECOMMENDATION - 1

## I. Background

Plaintiff, an inmate currently confined at Coyote Ridge Corrections Center, filed this action arising out of events occurring at Monroe Correctional Complex ("MCC") located in Washington State. Dkt. 7. Plaintiff names MCC Chaplain Henri Fischer as the sole defendant in this action and alleges that Defendant Fischer engaged in First Amendment retaliation. *Id.* at 3.

The dispute between Plaintiff and Defendant Fischer began in February 2021, after Plaintiff placed an order for religious beads from an authorized dealer. *Id.* at 13. On February 19, 2021, Defendant Fischer informed Plaintiff that his bead order had arrived and the packaging exceeded the allowable weight. *Id.* at 14. Defendant Fischer allegedly stated he would relinquish the overweight beads to Plaintiff on the condition that Plaintiff would incur a six-month restriction on ordering additional religious beads. *Id.* Plaintiff accepted the bead order from Defendant Fischer but objected to the bead-ordering restriction. *Id.* Plaintiff maintains that this restriction qualified as punishment that Defendant Fischer was not authorized to impose outside of MCC's disciplinary process. *Id.*

On May 1, 2021, Plaintiff attempted to place another religious bead order, but Defendant Fischer allegedly refused to process the bead order. *Id.* So, on May 14, 2021, Plaintiff filed a grievance complaining about Defendant Fischer's unauthorized restriction on Plaintiff's ability to order religious beads. *Id.* at 14–15. Plaintiff alleges Defendant Fischer then "slow walked" Plaintiff's bead order in retaliation for Plaintiff's grievance. *Id.* at 17. Plaintiff does not state for how long Defendant Fischer delayed the bead order, but the Resolution Review Report Plaintiff submitted with the Amended Complaint states that Defendant Fischer processed the bead order on May 27, 2021. *Id.* at 20. The Report further states that Defendant Fischer "reported he slow walked the process because he wanted [Plaintiff] to know he was not happy [Plaintiff] did not follow the previous agreement." *Id.* at 21.

Plaintiff also alleges he filed an "inmate kite" against Defendant Fischer *Id.* at 15. In response to Plaintiff's kite, Defendant Fischer allegedly acknowledged that he was aware of Plaintiff's grievance. *Id.* Plaintiff does not state when he filed the kite against Defendant Fischer or when Defendant Fischer responded to the kite. However, the Resolution Review Report references an inmate kite filed by Plaintiff on May 1, 2021, in which Plaintiff requested that Defendant Fischer process his bead order. *Id.* at 20–21. The Report states Defendant Fischer's response to the kite was as follows: "says the one who took his overweight [b]ead order that was previously restricted on the con[dition] that he not order again until august and then Grieved the Chaplain who appealed to the mailroom not to force him to pay to return the package." *Id.* at 21.

Based on these allegations, Plaintiff contends Defendant Fischer violated his right to be free from First Amendment retaliation when he intentionally delayed Plaintiff's religious bead order because Plaintiff filed a grievance. *Id.* at 4–6.

## II.   Screening Standard

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, even *pro se* pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation

REPORT AND RECOMMENDATION - 3

of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

After informing a *pro se* litigant of any pleading deficiencies, a court must generally grant leave to file an amended complaint if there is a possibility the pleading deficiencies may be cured through amendment. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). However, once a *pro se* plaintiff has been given leave to amend and instructed on how to cure the pleading deficiencies, the Court may properly dismiss an action based on deficiencies that remain. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

### III. Discussion

Upon review of the Amended Complaint, the Court finds Plaintiff's First Amendment retaliation claim remains deficient in two ways: (1) Plaintiff claim is barred by the appliable limitations period and (2) Plaintiff has failed to plausibly allege the chilling effect element of his retaliation claim. As Plaintiff was advised of these deficiencies and failed to cure, the Court recommends this action be dismissed for failure to state a claim.

A.  **Plaintiff's retaliation claim is time-barred.**

The Civil Rights Act of 1871 does not include a provision limiting the time in which a § 1983 civil rights action must be brought. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In the absence of an explicit statutory limitations period, federal courts look to the law of the forum state to determine the limitations period applicable to § 1983 actions.[1] *Montgomery v. West*, No. 23-15728, 2024 WL 2843637, at *1 (9th Cir. June 5, 2024). Under Washington law, Plaintiff had three years from the date his First Amendment retaliation claim accrued to file a § 1983 action. *See* Wash. Rev. Code § 4.16.080(2); *Rose*, 654 F.2d at 547 (three-year statute of limitations applies to § 1983 claims arising in Washington State).

While the duration of the limitations period is derived from state law, federal law determines when a claim accrues. *See W. Ctr. For Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000); *Norco Construction, Inc. v. King County,* 801 F.2d 1143, 1145 (9th Cir. 1986). A federal claim "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 761–62 (9th Cir. 1991) (quotations and citations omitted). "[A]s long as a plaintiff has notice of the wrongful conduct, it is not necessary that [they] have knowledge of all the details or all of the persons involved in order for [their] cause of action to accrue." *W. Ctr. For Journalism*, 235 F.3d at 1157 (quotations and citations omitted).

The final step in determining whether a claim is time barred is application of statutory and equitable tolling. The Court looks to the law of the forum state to determine whether the time for filing a § 1983 action has been tolled. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

---

[1] Ordinarily, the statute of limitations is affirmative defense raised by an opposing party; even so, may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

REPORT AND RECOMMENDATION - 5

1  Washington law allows for statutory tolling in various circumstances, but none is appliable here.
2  *See, e.g.*, Wash. Rev. Code. § 4.16.190 (statute tolled by personal disability including
3  confinement in pretrial detention); Wash. Rev. Code. § 4.16.200 (statute tolled by death); Wash.
4  Rev. Code. § 4.16.220 (statute tolled as to person in United States military service). Equitable
5  tolling is available in Washington "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206
6  (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the
7  defendant and the exercise of diligence by the plaintiff." *Id.* Washington state courts apply
8  equitable tolling "sparingly" and do not permit equitable tolling of claims that are untimely
9  because of a plaintiff's "garden variety" excusable neglect. *State v. Robinson*, 104 Wash.App.
10 657, 667 (2001) (internal quotations omitted); *see also Redlin v. United States*, 921 F.3d 1133,
11 1140 (9th Cir. 2019) ("The doctrine [of equitable tolling] is not available to avoid the
12 consequence of one's own negligence and does not apply when a late filing is due to claimant's
13 failure to exercise due diligence in preserving his legal rights.").

   The Court previously advised Plaintiff that "including key dates in his amended pleadings is critical to the viability of Plaintiff's claim" because "§ 1983 claims filed in the State of Washington are subject to a three-year limitations period." Dkt. 4 at 5 n.1.

   In his Amended Complaint, Plaintiff alleges Defendant Fischer engaged in unlawful retaliation by "slow walking" Plaintiff's bead order in retaliation for Plaintiff filing a grievance. Dkt. 7 at 5. Plaintiff does not specify when the alleged retaliatory "slow walking" occurred, but other dates provided in the Amended Complaint, and in documents attached thereto, demonstrate Defendant Fischer's alleged retaliation began in May 2021 and concluded on May 27, 2021. First, Plaintiff alleges he placed a bead order on May 1, 2021, and the Resolution Review Report submitted with the Amended Complaint states that Plaintiff sent a kite to Defendant Fischer about processing Plaintiff's bead order on that date. *Id.* at 14, 20–21. Next, Plaintiff alleges he

REPORT AND RECOMMENDATION - 6

filed a grievance on May 14, 2021, about Defendant Fischer's alleged refusal to process the bead order. *Id.* Lastly, the Resolution Review Report states that Defendant Fischer reported processing the bead order on May 27, 2021. *Id.* at 20.

Given Plaintiff's allegations and submissions, the Court finds Defendant Fischer's alleged retaliatory "slow walking" of Plaintiff's bead order concluded on May 27, 2021, and Plaintiff's First Amendment retaliation claim accrued on that date. Thus, the applicable three-year limitations period started to run the following day on May 28, 2021. The Court further finds Plaintiff has not shown circumstances warranting the application of statutory or equitable tolling. As such, the limitation period ran uninterrupted and expired three years later on May 28, 2024, which was the last day for Plaintiff to file a timely § 1983 action regarding Defendant Fischer's alleged retaliation.

As this action was not filed until July 15, 2024, the Court concludes Plaintiff's First Amendment retaliation claim against Defendant Fischer is untimely and should be dismissed.

      **B.**      **Plaintiff does not sufficiently allege a chilling effect.**

Even if this action was timely filed, Plaintiff has not stated a viable First Amendment retaliation claim for another reason: Plaintiff has not shown a chilling effect, which is an essential element of his retaliation claim. This element requires that "an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005). Allegations showing a plaintiff suffered more than minimal harm are generally sufficient to demonstrate a chilling effect at the pleading stage. *Id.* at 567–68 n.11. While more than minimal harm is not a high bar to clear, a plaintiff must still allege facts showing they suffered *some* harm or threat of harm from a defendant's retaliatory conduct. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000) (affirming dismissal of First

Amendment retaliation claim where plaintiff did not allege harm resulting from a defendant's "alleged delaying actions").

To cure this deficiency, the Court instructed Plaintiff to "describe the effect [the alleged retaliatory] action had on him and/or how it may have affected someone in his position." Dkt. 5 at 6. Despite the Court's instruction, Plaintiff does not allege any harm resulting from Defendant Fischer alleged "slow walking" of his bead order from May 1 until May 27, 2021. *See* Dkt. 7. Plaintiff alleges, at most, that his bead order was delayed; he does not describe any harm suffered from the delay or allege that he was prevented from ordering beads beyond this short period. Allegations of delay without harm are not sufficient to show a chilling effect. *See Resnick*, 213 F.3d at 449; *see also Quiroz v. Horel*, 85 F.Supp.3d 1115, 1138 (N.D. Cal. 2015) (finding the plaintiff did not provide evidence of a chilling effect when his mail was delayed on three occasions, but, each time, the mail was ultimately delivered and the delays were not harmful). Beyond his allegations of delay, Plaintiff pleads the existence of a chilling effect in a conclusory manner and simply recites this element of his claim. This is also insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

As Plaintiff fails to allege any harm or threats of harm he suffered from Defendant Fischer's alleged retaliation, the Court finds he has not pled the existence of a chilling effect and has thus failed to state a cognizable retaliation claim.

IV.     **Conclusion**

Due to the uncured deficiencies described above, the undersigned recommends this action be dismissed for failure to state a claim.[2]

---

[2] Dismissal on the recommended grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

Objections to this Report and Recommendation, if any, should be filed with the Clerk not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 22, 2024.**

Dated this 7th day of November, 2024.

David W. Christel
United States Magistrate Judge