THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAMION THOMAS,

                  Plaintiff,

   v.

HENRI FISCHER,

                  Defendant.

CASE NO. C24-1056-JCC

ORDER

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel (Dkt. No. 8.) After Judge Christel granted Plaintiff's motion for a time extension (Dkt. No. 6), Plaintiff amended the complaint, (Dkt. No. 7). Having reviewed the R&R, and there being no objections, the Court ADOPTS the R&R (Dkt. No. 8) and DISMISSES the amended complaint (Dkt. No. 7).

The R&R describes the allegations. (Dkt. No. 8 at 2–8.) In brief, Plaintiff placed an order for religious beads from an authorized dealer on February 19, 2021. (Dkt. No. 7 at 13.) Because Plaintiff's bead order was overweight, Defendant, a Monroe Correctional Complex Chaplain, withheld the beads from Plaintiff and restricted him from ordering additional beads for six months. (*Id*. at 14.) After Plaintiff placed another bead order on May 1, 2021, Defendant refused to process the order, and Plaintiff filed a grievance on May 14, 2021. (*Id*.) Subsequently, Defendant delayed the May 14 bead order. (*Id*. at 14–15.) On July 15, 2024, Plaintiff filed a

1  § 1983 complaint alleging that Defendant violated his right to be free from First Amendment

2  retaliation when Defendant delayed the bead order because of Plaintiff filing the grievance. (*Id.*

3  at 4-6; *see generally* Dkt. No. 1.)

4          To bring a First Amendment retaliation claim, a plaintiff must allege a violation within

5  the applicable limitations period. In Washington, a plaintiff has three years to file a § 1983 action

6  from the time the plaintiff knew or should have known the factual basis for the claim.

7  RCW 4.16.080(2); *Gausvik v. Perez*, 392 F.3d 1006, 1009 (9th Cir. 2004); *see also Bagley v.*

8  *CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (applying RCW 4.16.080(2) statute of

9  limitations to a § 1983 action in Washington). Plaintiff did not timely file his complaint here, as

10  the three-year statute of limitations expired on May 1, 2024.[1]

11          Plaintiff must also assert facts about conduct that would have chilled or silenced a person

12  of ordinary firmness by referencing "more than minimal harms." *Watison v. Carter*, 668 F.3d

13  1108, 1115 (9th Cir. 2012) (filing false disciplinary charges against plaintiff, placing him in

14  administrative segregation, and interfering with his parole hearing chilled plaintiff from future

15  First Amendment activities).[2] Even after Judge Christel asked for further clarification here, (*see*

16  Dkt. No. 4 at 6), Plaintiff's amended complaint lacks allegations describing how the allegedly

17  retaliatory action, delaying a bead order, chilled his future First Amendment activities. (*See*

18  *generally* Dkt. No. 7.)

19          Accordingly, and pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), Plaintiff's amended

20  complaint (Dkt. No. 7) is DISMISSED with prejudice for failure to state a claim. Plaintiff shall

21  incur a "strike" under 28 U.S.C. 1915(g). The Clerk is directed to send copies of this order to

22

23  [1] The R&R considered equitable tolling but declined to toll the limitations period. (Dkt. No. 8 at 5–6); *see also Fowler v. Guerin*, 515 P.3d 502, 507 (Wash. 2022) (finding that equitable tolling should be used sparingly but is warranted when plaintiff has exercised diligence and when defendant's bad faith, false assurances, or deception interferes with plaintiff's timely filing).

24

25  [2] There are five elements to a retaliation claim, but the Court will only focus on the deficient element. *See, e.g., Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (listing the five elements of a First Amendment retaliation claim).

26

ORDER
C24-1056-JCC
PAGE - 2

1    Plaintiff and to the Honorable David W. Christel.

2

3          DATED this 13th day of December 2024.

4

5

6                                                    _____
                                                     John C. Coughenour
7                                                    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
C24-1056-JCC
PAGE - 3